IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

02 APR 16 PM 3: 25

PAULITA G. GARCIA, individually and
as personal representative of the Estate of
BENEDICT ERIC GARCIA, deceased, and
BERNARD M. GARCIA, individually,

    Plaintiffs,

vs.

LINDA REED and ANESTAT, INC.,
a Florida corporation,

    Defendants.

CIVIL NO.

CIV-02-0429 LH/LFG

## NOTICE OF REMOVAL OF ACTION

The United States of America, hereby gives notice to this Court of the removal of a civil action commenced in the First Judicial District Court, County of Santa Fe, State of New Mexico, Cause No. D0101-CV-2001-00586, entitled as above. This removal is pursuant to 28 U.S.C. § 2679(d)(2),(3), which directs that upon certification or refusal of the Attorney General (through his United States Attorney) to certify course and scope of employment, a petition pending in a State court may be removed to the District Court of the United States embracing the place in which it is pending.

1.    A civil action has been brought in the First Judicial District Court for the County of Santa Fe, State of New Mexico, alleging medical negligence and is now pending.

2.    A Motion was filed in that action on or about July 17, 2001 moving the court to "find and certify" that Defendant Linda Reed was acting in the course and scope of an employee of the United States Government. Attached to this Notice of

Removal as **Exhibit 1** are copies of all pleadings that have been received by and are in the possession of the United States in this action.

3. Pursuant to 28 U.S.C. § 2679(d), the Attorney General through his United States Attorney for the district involved will either certify or refuse to certify that the defendant was acting in the course and scope of her employment at the time of the incident from which the claim arose.

4. The Motion asking the State District Court to certify Defendant, Linda Reed as working within the course and scope of government employment was filed prematurely. The United States Attorney for the District of New Mexico will decide whether to certify and notice will be filed in this action. Pursuant to 28 U.S.C. § 2679(d)(3) the Attorney General through his United States Attorney hereby removes the petition for decision by this Court.

WHEREFORE, the United States gives notice that, pursuant to 28 U.S.C. § 2679(d)(3), Cause No. D0101-CV-2001-00586 in the Second Judicial District Court for the County of Santa Fe, State of New Mexico, is removed to this Court for resolution of the pending motion regarding course and scope of employment.

Respectfully submitted,

DAVID C. IGLESIAS
United States Attorney

VIRGIL H. LEWIS II
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

2

I HEREBY CERTIFY that on April 16, 2002, a true copy of the foregoing Notice of Removal was mailed to the following counsel of record:

Cuddy, Kennedy, Hetherington, Albetta & Ives, LLP
Christian C. Doherty
P.O. Box 36450
Albuquerque, New Mexico 87176-6450
Counsel for Defendant Anestat, Inc.

Hinkle, Hensley, Shanor & Martin, LLP
Thomas J. McBride
500 Marquette NW, Suite 1300
Albuquerque, New Mexico 87102
Counsel for Defendant Reed

Rosenfelt, Barlow & Borg, P.A.
Scott E. Borg
1805 Carlisle Boulevard NE
Albuquerque, New Mexico 87110
Counsel for Plaintiffs

VIRGIL H. LEWIS II
Assistant U.S. Attorney

N:\VLewis\cases\Garcia v. Reed\notc of removal.frm

3

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

PAULITA G. GARCIA, individually and as personal
representative of the estate of BENEDICT ERIC GARCIA,
deceased, and BERNARD M. GARCIA, individually,

    Plaintiffs,

vs.                                    No. D0101CV200/00586

LINDA REED and ANESTAT, INC., a Florida corporation,

    Defendants.



## COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL DEATH

COME NOW the plaintiffs, through counsel, and for their complaint aver as follows:

    1.    Plaintiffs are residents and tribal members of the Pueblo of Santo Domingo, located partly within Sandoval County and partly in Santa Fe County, New Mexico. Santo Domingo is a federally recognized Indian tribe.

    2.    Plaintiff Paulita G. Garcia is the natural mother of decedent, Benedict Eric Garcia, and is the duly appointed personal representative of the estate of Benedict Eric Garcia.

    3.    Plaintiff Bernard M. Garcia is the natural father of decedent, Benedict Eric Garcia.

    4.    Plaintiffs' decedent, Benedict Eric Garcia ("Eric") was a minor, age 13 (Date of Birth: September 1, 1984), at the time of his death and at time of the incidents that give rise to this litigation. At all material times, Benedict Eric Garcia, the decedent, was a resident and tribal member of the Pueblo of Santo Domingo, New Mexico.

    5.    Defendant, Linda Reed ("CRNA Reed"), was at all times material hereto a certified registered nurse anesthetist, abbreviated CRNA, who practiced medicine as a

1

specialist in the field of anesthesiology. She was also a resident of Santa Fe, New Mexico.

6. Defendant Anestat, Inc., ("Anestat") is a Florida corporation that employed defendant CRNA Reed at the time of the subject incident. One aspect of Anestat's business activities is the provision of anesthesiology services for the treatment of patients. The complained of actions and omissions of defendant CRNA Reed, which plaintiffs contend were negligent, were undertaken while she was employed by Anestat and while she was acting within the course and scope of her duties as a certified registered nurse anesthetist.

7. The plaintiffs in this action, Paulita G. Garcia and Bernard M. Garcia, are authorized to bring this action under the laws of the State of New Mexico and the Pueblo of Santo Domingo.

8. Most of the material actions and omissions as to liability in this matter occurred within Santa Fe County.

9. Venue is properly laid in this district.

10 On or about March 26, 1998, Eric presented at the Santa Fe Indian Hospital for day surgery for the excision of three sebaceous cysts on his back.

11. Prior to surgery Eric was classified as ASA I. According to this classification of American Society of Anesthesiologists, Eric was a healthy patient with a localized pathological process, with no significant medical problems to contraindicate surgery. In other words, Eric deemed to be at low risk for the proposed surgery. Tests of blood chemistry and hemoglobin revealed no significant abnormalities.

12. When surgery began CRNA Reed first employed a local anesthetic, but then switched to deep IV anesthesia.

13. During surgery, Eric was lying in a prone position, face down, with a pillow

2

under his chest.

14. Eric was not intubated with an endotracheal tube to maintain his airway and to assure that he received sufficient oxygen to avoid hypoxic/ischemic injury and/or death.

15. CRNA Reed administered Versed, Fentanyl, and Propofol during a period of time of less than one hour.

16. While Eric was undergoing surgery with deep IV anesthesia, his oxygen saturations dropped to dangerous levels and his fingernails became dusky, indications that he was not receiving adequate oxygen.

17. Eric experienced a pronounced drop in respiration, with shallow breathing, hypotension, and bradycardia, and he then suffered respiratory arrest and cardiac arrest.

18. CRNA Reed attempted to revive Eric by moving him first into a side-lying position and then into a supine position, and then attempting to intubate Eric.

19. The intubation of Eric took 7-8 minutes and required multiple attempts by CRNA Reed. Finally, Eric was successfully placed on ventilator support.

20. Other efforts were made to resuscitate Eric, including chest compressions and the administration of Atropine and Epinephrine among other medications.

21. The effects of the anesthesia medications were reversed using Romazicon and Narcan.

22. Eric was moved temporarily to the pediatric care unit and then transferred by a to the University of New Mexico Hospital in Albuquerque.

23. After resuscitation efforts were completed, Eric's score on the Glasgow Coma Scale was 7. He developed seizures that evening, was diagnosed with *status epilepticus*, and continued to have seizure activity for several hours following his admission at the University of

New Mexico Hospital.

24. While at the University of New Mexico Hospital, Eric remained comatose and declined neurologically. On March 28, 1998, his score on the Glasgow Coma Scale was 3.

25. Various tests revealed extensive brain damage and a grim prognosis. Eric would never regain consciousness.

26. On March 30, 1998, with the consent of Eric's parents, medical staff at the University of New Mexico withdrew all mechanical life support from Eric. He died at 2:55 a.m.

27. The cause of death was hypoxemia-ischemia encephalopathy due to cardiorespiratory arrest during cyst removal surgery at the Santa Fe Indian Hospital.

28. In short, Eric died because of a lack of oxygen to the brain resulting in severe brain trauma, which was caused by respiratory and cardiac arrest during minor surgery on March 26, 1998, for which CRNA Reed bears the primary responsibility.

29. CRNA Reed had a duty to possess and use that degree of skill and learning ordinarily used in the same or similar circumstances by members of her profession in the treatment of Eric Garcia. She further had a duty to act in accordance with the standard of care reasonably required of a certified registered nurse anesthetist in administering anesthesia and providing anesthesia services to a patient like Eric Garcia. CRNA Reed, during the course of her treatment and care of Eric Garcia, breached her duties and was guilty of the following acts of negligence and carelessness by failing to measure up to the standards of reasonable care, skill, and practice required by members of her profession, to-wit:

    a. in negligently and carelessly failing to ensure that anesthetic medications, in particular Versed, Fentanyl, and Propofol, were properly administered to Eric Garcia in the

4

correct dosages;

  b. in negligently and carelessly using deep IV sedation when it was not needed;

  c. in negligently and carelessly failing to ensure that Eric Garcia's airway was protected and that he was intubated prior to switching to deep IV anesthesia during surgery;

  d. in negligently and carelessly failing to use Romazicon and Narcan in a timely fashion to reverse the effects of the anesthesia given to Eric Garcia;

  e. in negligently and carelessly failing to achieve intubation and ventilation in a timely manner once a breathing problem was recognized;

  f. in negligently and carelessly failing to have a crash cart available in the room where the surgery was being performed;

  g. in negligently and carelessly failing to monitor properly Eric Garcia's condition during the course of the surgery, particularly his respirations;

  h. in negligently and carelessly failing timely to use proper diagnostic and treatment modalities;

  i. in negligently and carelessly failing to attend to and treat Eric Garcia's condition in a timely manner;

  j. in negligently and carelessly failing to ensure proper care and treatment of Eric Garcia's cardiorespiratory arrest;

  k. in negligently and carelessly failing to measure up to the requisite standards of due care and skill required and observed in the field of anesthesia as a certified registered nurse anesthetist, and in further particulars presently unknown to plaintiffs, but which are verily believed and alleged will be disclosed upon proper discovery procedures in the course of this litigation.

30. Defendant Anestat is liable vicariously for the negligence of CRNA Reed under the doctrine of *respondeat superior*.

31. Defendant Anestat, as a provider of anesthesia services and as the employer of CRNA Reed, had a duty to possess and use in the treatment of Eric Garcia that degree of skill and learning ordinarily used in the same or similar circumstances by corporations and companies who provide anesthesia services. Anestat failed to provide reasonable anesthesia services for the surgery of Eric Garcia and failed to provide a nurse anesthetist who possessed that degree of care, skill, and learning expected of a reasonably well-qualified healthcare provider in the same field in the same or similar circumstances. Anestat is liable to plaintiffs for negligent hiring, training, and assigning of CRNA Reed.

32. As a direct and proximate result of the defendants' negligence, Eric Garcia died at age thirteen, leaving his parents and siblings with a family tragedy and a profound loss. Prior to his death, Eric experienced pain and suffering, and his beneficiaries under the wrongful death laws of New Mexico have suffered compensable losses for Eric's wrongful death. Under the law, those losses include the monetary value of decedent's life together with the loss of life's enjoyment. Plaintiffs also suffered losses related to medical and nonmedical expenses, funeral expenses, lost earning capacity, and lost household services.

33. Plaintiffs have suffered a loss of consortium due to the death of their son, and have been deprived of the benefit of decedent's love and companionship. Plaintiffs have also suffered a loss of enjoyment of life, together with decedent's monetary and non-monetary contributions/services to the household. Additionally, plaintiffs have incurred medical and non-medical expenses.

WHEREFORE, plaintiffs pray that the court enter judgment for them and against the defendants, that they be awarded compensatory damages in amounts that are fair and reasonable, including damages recognized by the wrongful death statutes of New Mexico, plus costs and prejudgment interest, and such other relief as might be warranted.

Respectfully submitted,

ROSENFELT, BARLOW & BORG, P.A.
1805 Carlisle Boulevard NE
Albuquerque, NM 87110
(505) 266-3441

By: _____
      Scott E. Borg

ATTORNEYS FOR PLAINTIFF

THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.